EMERY W. CUNNINGHAM *vs.* LEVI H. TREVITT.

Penobscot.   Opinion November 19, 1889.

82  145
92   70

*Conditional note.   Sale.   R. S., c.* 111, § 5.

The following instrument : "Milford, April 8, 1887. Cunningham & Madden let W. Marshall have one bay horse eight years old, known as the Cunningham horse, for one hundred and fifty dollars. Fifty dollars by the 15th of April, 1887, and one hundred dollars by the first of August ; that said Cunningham & Madden should hold the horse until paid for. Wm. H. Marshall," is a note with an agreement that the property bargained and delivered shall remain the property of the payee until the note is paid; and is not valid, except as between the original parties to the agreement, unless it is recorded like mortgages of personal property, as provided by R. S., c. 111, § 5.

AGREED STATEMENT.

This was an action of trover for a horse, valued at one hundred and fifty dollars, and which the plaintiff delivered to the defendant April 8, 1887, and at the same time took from him the writing which is copied in the head note.   Plaintiff offered to prove by parol testimony, if admissible, that the transaction was intended as a conditional sale.   On May 27, Marshall paid Cunningham seventy-five dollars;—the only payment made—and died in September following.  Before his death, Marshall sold the horse.   It was purchased by the defendant of another vendee, once removed, for value, without knowledge of the foregoing writing, or inquiry in relation thereto, except that before purchasing, he examined the town records where Marshall resided. The writing was not recorded.   The plaintiff wrote Marshall August 14, 1887, then at Bar Harbor, asking   *   *   *   "What time will it be convenient for you to send me the rest of the money; the time is up now; it is the 14th.   Write and let me know what time I can depend on it.   Got the $75.00 all right. *   *   *"   To this Marshall replied September 7th,   *   *   * "I will send you twenty-five dollars next week.   *   *   *"

November 22, 1887, the plaintiff demanded the horse of the defendant who then had possession of it.   Before this the plaintiff had acquired the interest of Madden his co-owner.

If the action was maintainable, the court was to enter judgment according to the defendant's legal liability ; otherwise a nonsuit was to be ordered.

*G. T. Sewall*, for plaintiff.

Sale was conditional.  *Tibbetts* v. *Towle*, 12 Maine, 341. Writing is not a note, only memoranda, and need not be recorded. *Morris* v. *Lynde*, 73 Maine, 88.  Damages : *Robinson* v. *Barrows*, 48 Maine, 186, 190, and cases cited.   Partial payments do not diminish amount.   *Brown* v. *Haynes*, 52 Id.  578, 581, 583-4, affirmed in *Everett* v. *Hall*, 67 Id. 497 ; *Alden* v. *Goddard*, 73 Id. 345, 351.

*W. P. Foster*, for defendant.

The written instrument is a note within the meaning of R. S.,

c. 111, § 5, and therefore should be recorded. *McDonald* v. *Philbrook*, 33 Maine, 366; Story on Promissory Notes, § 12; *Carver* v. *Hayes*, 47 Maine, 257; *Nichols* v. *Ruggles*, 76 Maine, 25; *Franklin* v. *March*, 6 N. H. 364; *Almy* v. *Winslow*, 126 Mass. 342; *Brummagim* v. *Tallant*, 89 Am. Dec. 61, (S. C. 29 Cal. 503); *Shaw* v. *Wilshire*, 65 Maine, 485; *Com.* v. *Wyman*, 8 Met. 247, 255. Plaintiff estopped by his letter to set up title against an innocent purchaser. *Copeland* v. *Copeland*, 28 Maine, 525; *Stevens* v. *McNamara*, 36 Id. 176; *Cummings* v. *Webster*, 43 Id. 192; *Piper* v. *Gilmore*, 49 Id. 149; *Wood* v. *Pennell*, 51 Id. 52; *Sweetser* v. *McKenney*, 65 Id. 225. Plaintiff guilty of laches. *Brown* v. *Haynes*, 52 Maine, 578; *Coggill* v. *H. & N. H. R. R. Co.*, 3 Gray, 545; *Hill* v. *Freeman*, 3 Cush. 257. Pledgee parting with possession loses his lien. *Beeman* v. *Lawton*, 37 Maine, 543; *Walker* v. *Staples*, 5 Allen, 34; *Homes* v. *Crane*, 2 Pick. 607. Plaintiff's letter a waiver of condition. *Smith* v. *Dennie*, 6 Pick. 262; *Hussey* v. *Thornton*, 4 Mass. 404.

DANFORTH, J. The result of this case depends upon the proper construction of the instrument of April 8, 1887, given by William H. Marshall to Cunningham & Madden. It was not recorded under the provisions of R. S., c. 111, § 5. If it should have been so recorded then the plaintiff, who now represents Madden as well as himself, as against the defendant who is a subsequent *bona fide* purchaser, is, by it divested of his title to the horse in question and cannot recover.

The parol testimony offered by the plaintiff to show the transaction was a conditional sale of the horse, is immaterial, for the instrument itself shows that to "let" one have a horse "for" a specified sum to be paid in specified times, can be understood only as a sale of that horse, especially when accompanied by delivery. The subsequent provision shows the condition.

The statement of facts shows that the delivery of the horse and the written instrument were at the same time and, necessarily, the one must be considered as given for the other. In this respect, this case differs materially from that of *Morris* v. *Lynde*, 73 Maine, 88, in which the delivery was made long subsequent

to that of the written instrument, which was held, not to be a note given in payment, but an order given for a future delivery of goods described and specifying the terms of payment.

The question then arises was there a note, such as is contemplated in the statute, contained in the written instrument in this case? This would seem to be settled in the affirmative in *Nichols* v. *Ruggles*, 76 Maine, 26. The promise to pay in this case is not so explicit as in that. But an express promise to pay is not necessary, even in a promissory note. Story on Promissory Notes, § 12 and cases cited. It is sufficient that a debt be created and an obligation to pay it absolutely implied. *Carver* v. *Hayes*, 47 Maine, 257. In *Almy* v. *Winslow*, 126 Mass. 343, it is said "there need not be a promise in express terms, it being sufficient if an undertaking to pay is implied in the contents of the instrument." In *Daggett* v. *Daggett*, 124 Mass., on page 150 it is said, "The test question is: are the words of the memo-randum merely an acknowledgment admitting that an old debt is due, or do they import a promise to pay money to the plaintiff's intestate?"

Thus it appears that this instrument comes not only within the spirit of the statute but the letter also. It was given for a horse bargained and delivered, the price of which was definitely fixed and the times of payment specified. The terms used are not an acknowledgment of an old debt, for none existed. It was created by this transaction and its creation necessarily imports a promise to pay. The case shows that both parties so understood it.

*Plaintiff nonsuit.*

PETERS, C. J., VIRGIN, LIBBEY, EMERY and FOSTER, JJ., concurred.